Carl M. Owen, as Successor Trustee under the Last Will and Testament of Susan Dyckman, Deceased, Plaintiff, v. John H. Bodine, Fannie E. Hicks, Warren E. French, Jr., and Ethel G. H. French, His Wife, and Stephen E. Ditchett, as Executor of George W. Ditchett, Deceased, Defendants.

(Supreme Court, New York Special Term, January, 1921.)

Foreclosure — mortgages — default — when deficiency judgment may not be entered for taxes and assessments.

Though the defendant in an action to foreclose a mortgage who made the bond allows a default to be taken against him, no judgment for deficiency may be entered against him for taxes and assessments paid by plaintiff after the action was commenced.

Mutual Life Ins. Co. v. Newell, 78 Hun, 293, distinguished.

Action of foreclosure.

Frauloff & Robinson (George J. Johnstone, of counsel), for motion.

Edward S. Clinch, for defendant Fannie E. Hicks (not opposing).

Tierney, J. This is an action of foreclosure. The plaintiff claims that after the commencement of the

action he paid taxes and assessments, and he asks to have the amount added to the amount of the mortgage debt as set forth in the complaint. One of the defendants made the bond, and a deficiency judgment is demanded against him. He has been served with a summons and complaint and has allowed a default to be taken as against him. His default enables the plaintiff to take judgment against him upon the claim set forth in the complaint. If that claim is to be extended by adding other items to it, no default or admission as to these items is to be assumed from the default as to the original claim. And yet the plaintiff insists that a deficiency judgment might be taken against this defendant for these items for which he never heard of a claim, on an *ex parte* affidavit of the plaintiff and bases his claim upon the case of *Mutual Life Ins. Co.* v. *Newell*, 78 Hun, 293. In that case the judgment was modified to accord with a situation that arose after the entry of judgment; the parties were all before the court, and the application was not granted on an *ex parte* affidavit, but proof was taken by the court. At least that appears from the report of the case. Certainly the courts that decided that case would not have sanctioned or approved the practice asked for by the plaintiff. The motion for a reargument is therefore granted, and upon such reargument the application is again denied.

Ordered accordingly.